UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT M. GARNER, | ) | CASE NO. CV 04-05227 RZ |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | AND ORDER |
| | ) | |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record, and each party has filed a supporting memorandum. After reviewing the matter, the Court finds that the decision of the Commissioner was backed by substantial evidence and was free of legal error. 42 U.S.C. § 405(g); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

Plaintiff argues that the Administrative Law Judge did not consider the full period of cardiac rehabilitation which Plaintiff underwent. Missing from this argument,

however, is any evidence that the program of cardiac rehabilitation meant that Plaintiff could not work during the time period. There was, however, evidence to the contrary, and the Administrative Law Judge relied upon it [AR 19]. Three months after his heart attack in December 1999, a physician cleared Plaintiff to return to work, should he desire to do so [AR 417]; three months after that, another physician precluded Plaintiff only from heavy work [AR 175] ; and a year later another physician cleared Plaintiff for working as a bus driver. [AR 231] The evidence thus shows that Plaintiff was capable of working, despite the fact that he was pursuing cardiac rehabilitation.

Plaintiff also argues that the Administrative Law Judge erred in rejecting the 2002 opinion of treating physician Nathaniel Neal. Plaintiff says that Dr. Neal "precluded [Plaintiff] from activities requiring fine motor detail in his hands and fingers, use of pedals and levers with the hands and/or feet, sustained (greater than 5 to 10 minutes) standing and or walking, without the ability to rest for an equivalent amount of time." (Plaintiff's Memorandum at 5:8-12). Dr. Neal's opinion was a bit more nuanced, for he stated that he "believed" these things to be true, based on presumptions which he acknowledged had not been documented, and which should be pursued "by the appropriate specialist." [AR 343] More to the point, however, as the Administrative Law Judge stated, Dr. Neal gave this opinion on March 30, 2002, at the very same time that Plaintiff was working part time, as much as 32 hours per week, on tasks that included manipulative activities. [AR 19] The Administrative Law Judge also noted that just a few months later Plaintiff was working full-time as a baggage screener at the airport, a job which entailed prolonged standing and lifting as much as forty pounds. Even an uncontroverted opinion of a treating physician need not be accepted, *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001), and actual work which belies a physician's assessment of what a claimant is capable of surely justifies rejecting the physician's assessment.

Plaintiff protests, however, that the Administrative Law Judge went beyond his ken in stating that the part-time employment for an attorney, and the full-time employment acting as a baggage screener, involved the kinds of activities which the

Administrative Law Judge described. Plaintiff says that the Administrative Law Judge was required to take testimony from a vocational expert to establish these points. The Court disagrees. Opinion testimony from an expert is one kind of evidence, but not the only kind. In considering a claimant's ability to perform his past relevant work, the Administrative Law Judge must consider the work as the claimant actually performed it, not only work as it generally is performed in the economy, *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001), and certainly one way to do this is to take Plaintiff's testimony. *Id.,* 249 F.3d at 845. Here Plaintiff himself testified to the kinds of activities he engaged in [AR 48-49], and the Administrative Law Judge correctly reprised that testimony. *Burkhart v. Bowen*, 856 F.2d 1335, 1341 (9th Cir. 1988), cited by Plaintiff as requiring vocational testimony in such a situation, does not stand for that proposition. In *Burkhart* the Court said instead that an Administrative Law Judge may not make a factual finding on jobs available in the economy without either relying on the Medical-Vocational guidelines or, if they do not apply, on testimony of a vocational expert.

Plaintiff also complains that agency physicians did not have Plaintiff's full records before them at the time they rendered their opinions of Plaintiff's capacity. Plaintiff points to nothing in those records, for the time period before 2002 when Plaintiff began his part-time work, which would have caused the opinions to change. Furthermore, the agency physicians certified that Plaintiff was capable of light work, but the Administrative Law Judge took the more cautious step of finding that Plaintiff had qualified for sedentary work. As for the records after Plaintiff returned to work, Plaintiff points to nothing in those records which pertains to his alleged inability to work during the earlier period.

The Administrative Law Judge also properly did not accept Plaintiff's statements of his need to nap frequently. These were not allegations of subjective pain which require, if there is an appropriate predicate impairment, that the Administrative Law Judge provide specific reasons for disbelieving the testimony. Moreover, the Administrative Law Judge could view the testimony using any techniques appropriate for

1 evaluating a witness, *Fair v. Bowen*, 885 F.2d 597, 603 n.5 (1989), and the fact that several
2 physicians during the period cleared Plaintiff for full-time work certainly was a reason to
3 disbelieve an assertion that Plaintiff could not perform the work because he had to nap.

In accordance with the foregoing, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED: August  26 , 2005


                                                        /s/
                                RALPH ZAREFSKY
                    UNITED STATES MAGISTRATE JUDGE